**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TRAVIS DAVID DIEHL,** | ) | **CASE NO. 4:26CV1908** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WARDEN IAN HEALY,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* petitioner Travis David Diehl, an inmate currently in custody at FCI Elkton, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Diehl was convicted in the Northern District of West Virginia pursuant to a guilty plea of False Statement in Connection with the Acquisition of a Firearm and sentenced to 30 months imprisonment. *See United States v. Diehl*, No. 3:24 CR 00006 (N.D. W. Va. Nov. 4, 2025). In this Petition, Diehl claims that despite his probation officer's recommendation and a judicial recommendation that he participate in a substance abuse treatment program, he was denied participation in the prison's Residential Drug Abuse Treatment Program ("RDAP"). According to the Petition, Diehl was denied RDAP because there was "no substantiating documentation relating to problematic substance abuse in the 12 months prior to arrest," and therefore, Diehl did not qualify for the program. (Doc. No. 1 at 5). Diehl objects to this denial and requests a one-year reduction in his sentence because he "made a good faith effort" to participate in the program he "believed could have helped [him]." (*Id.* at 8).

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing 28 U.S.C. § 2243; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). Because the petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But a court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Allen*, 424 F.2d at 141 (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response from the respondent is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Allen*, 424 F.2d at 141.

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).

A prisoner, however, has no constitutionally-protected liberty interest in discretionary release from prison prior the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) ("[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the

expiration of a valid sentence"). Nor does a prisoner have a constitutionally-protected liberty or property interest in participating in a prison rehabilitation program. *See Moody v. Daggett*, 429 U.S. 78, 88, n. 9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976). Further, the statute that allows for a prisoner to be considered for a sentence reduction once he has successfully completed RDAP, 18 U.S.C. § 3621(e)(2)(B), vested the Bureau of Prisons ("BOP") with the discretion to determine whether to grant early release to a prisoner. *See Lopez v. Davis*, 531 U.S. 230, 241, 121 S. Ct. 714, 148 L. Ed. 2d 635 (2001). Even where a prisoner successfully completes RDAP, the BOP retains discretion to deny early release. *See Heard v. Quintana*, 184 F. Supp.3d 515, 519-20 (E.D. Ky. 2016). Diehl's Petition therefore does not implicate a constitutionally-protected federal right.

Accordingly, the Court DENIES the petition for a writ of habeas corpus under 28 U.S.C. § 2241 and DISMISSES the action pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** November 19, 2026